IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Ronald Lee Mize,

    Plaintiff,                Case No. 2:01-cv-629

  v.

                                     JUDGE GRAHAM

Mendoza Company, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Plaintiffs Ronald Lee Mize and Katherine Mize filed suit against The Mendoza Company ("Mendoza Company") and Alex Mendoza ("Mendoza") claiming violations of the Family and Medical Leave Act, Ohio's disability discrimination statutes, and Ohio public policy.  Katherine Mize also brought claims for loss of consortium.

On April 23, 2003, this court granted defendants' motion for summary judgment and dismissed all claims.  Plaintiffs appealed *pro se* to the Sixth Circuit Court of Appeals.  The Sixth Circuit affirmed in part and vacated in part, finding that genuine issues of material fact existed with respect to Ronald Mize's FMLA claim.  The case was remanded on the sole issue of whether Ronald Mize ("Mize") was terminated for requesting time off on February 12, 2000, in violation of the FMLA.  This matter is now before the court on defendants' motion for summary judgement.

1

### I. Standard of Review

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See LaPointe v. United Autoworkers Local 600, 8 F.3d 376, 378 (6th Cir. 1993); Osborn v. Ashland County Bd. of Alcohol, Drug Addiction & Mental Health Servs., 979 F.2d 1131, 1133 (6th Cir. 1992)(per curium).

The party that moves for summary judgment has the burden of showing that there are no genuine issues of material fact in the case. LaPointe, 8 F.3d at 378. This burden may be met by showing that the nonmoving party lacks evidence to support an essential element of its case. Barnhart v. Pickrel, Schaeffer & Ebeling Co., L.P.A., 12 F.3d 1382, 1389 (6th Cir. 1993).

In response, the nonmoving party "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" Street v. J. C. Bradford & Co., 886 F.2d 1472, 1476 (6th Cir. 1989) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986)). The Court must view the evidence, all facts, and any inferences that may permissibly be drawn from the facts in the

light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). See also Eastman Kodak Co. v. Image Technical Servs., Inc., 504 U.S. 451, 456 (1992).

In reviewing a motion for summary judgment, "this Court must determine whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Patton v. Bearden, 8 F.3d 343, 346 (6th Cir. 1993)(quoting Anderson, 477 U.S. at 251-52).

"[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  Anderson, 477 U.S. at 247-48 (emphasis in original); see generally Booker v. Brown & Williamson Tobacco Co., Inc., 879 F.2d 1304, 1310 (6th Cir. 1989).

Thus, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  Anderson, 477 U.S. at 252. See also Gregory v. Hunt, 24 F.3d 781, 784 (6th Cir. 1994).

Finally, a district court considering a motion for summary judgment may not weigh evidence or make credibility

3

determinations.  Adams v. Metiva, 31 F.3d 375, 379 (6th Cir. 1994).

## II.  Background

Defendants' pending motion for summary judgment does not present any new facts that were not already in the record when defendants' first motion for summary judgment was granted. Incorporated by reference is the Factual Background section of this court's Memorandum Opinion and Order (Document 74) dated April 22, 2003.  Below is a brief summary of those facts as they specifically relate to defendants' pending motion.

Mendoza is the president and co-owner[1] of the Mendoza Company, which owns and operates two McDonald's restaurants. Mize began working for the Mendoza Company in 1998, and was at all times an employee of the Mendoza Company, under the direct control and supervision of Mendoza.  On March 1, 1999, Mize was promoted to area supervisor.

On June 3, 1999, while remodeling a restaurant, Mize tore his right biceps.  Shortly after surgery, Mize returned to work. He alleges he was forced to perform work that caused him pain and discomfort and that he was denied time off for his injury to heal.

In late 1999, and then again in January, 2000, one of the

---

[1] Alex Mendoza is the co-owner with his wife.

restaurants under Mize's supervision received an "F" grade after inspection by a business consultant to McDonald's Corporation. Also, in January, 2000, Mize allowed a manager of one of the restaurants to cash a non-employee's personal check for $100 that was returned for insufficient funds.  On February 9 or 10, 2000, Mendoza posted a notice on an internal messaging system that cashing personal checks was prohibited.

Two or three days later, February 12, 2000, Mize worked the opening shift at one of the restaurants because the opening manager had quit.  After lifting and carrying all of the food, he experienced pain in his arm and decided to go to the hospital. Mize called to inform Mendoza that he was going to the hospital. Mendoza told him to leave his keys and cell phone.  Mize asked if he was being fired and Mendoza told him to come back to the restaurant after he finished at the hospital because Mendoza needed to speak with him.  At that meeting, Mendoza told Mize he was being fired for his poor performance and for violating company policy by cashing personal checks and then denying that he did it. Subsequent to the termination, Mize has undergone multiple surgeries, and has been diagnosed with chronic pain syndrome involving his right upper extremity resulting in a "moderate permanent impairment."

### III. Discussion

Defendants seek summary judgment arguing that plaintiff lacks evidence that the stated reasons for his discharge, the "F" ratings and cashing of a non-employee's personal check, were insincere. In addition, Mendoza moves for his dismissal arguing that individual liability does not exist under the FMLA. Both arguments are without merit and must be rejected.

#### A. Plaintiff's FMLA Retaliation Claim.

Congress enacted the FMLA to provide job security and help employees "balance the conflicting demands of work and personal life." See Price v. City of Fort Wayne, 117 F.3d 1022, 1024 (7th Cir. 1997); see also 29 U.S.C. § 2601(b). It permits eligible employees to take a total of twelve weeks of leave during any twelve month period for one or more of the following reasons: (A) to welcome a new child into the family; (B) to care for a family member with a serious health condition; or (C) because of a serious health condition that prohibits the employee from performing the functions of his or her position. 29 U.S.C. § 2612. Employees who take leave for one of these reasons are entitled to the same or an equivalent position upon their return. 29 U.S.C. § 2614(a)(1).

The FMLA prohibits employers from discharging or discriminating against employees who oppose employer actions made unlawful under the FMLA. 29 U.S.C. §2615(a)(2). Claims brought

under §2615(a)(2) are referred to as discrimination or retaliation claims.

Courts in this circuit analyze FMLA retaliation claims using the burden-shifting framework set forth in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973). <u>Harnisch v. Aeroquip Inoac Co.</u>, No. 3:99CV7609, 2000 U.S. Dist. LEXIS 19317, at *8 (N.D. Ohio Oct. 12, 2000); <u>Stonum v. U.S. Airways, Inc.</u>, 83 F.Supp. 2d 894, 899 (S.D. Ohio 1996).

Under the <u>McDonnell Douglas</u> test, the plaintiff has the initial burden of proving a prima facie case by a preponderance of the evidence. <u>Ang v. Procter & Gamble Co.</u>, 932 F.2d 540, 548 (6th Cir. 1991). In order to establish a prima facie case of FMLA retaliation, the plaintiff must prove each of the following elements: (1) he availed himself of a protected right under the FMLA; (2) he was adversely affected by an employment decision; and (3) a causal connection between the two actions. <u>Skrjanc v. Great Lakes Power Serv. Co.</u>, 272 F.3d 309, 314 (6th Cir. 2001).

Once plaintiff demonstrates the above elements, a presumption of retaliation is raised, and the defendant then has the opportunity to rebut this presumption by articulating some legitimate, nondiscriminatory reason for its decision. <u>See McDonnell Douglas</u>, 411 U.S. at 804. In response, the plaintiff must then produce evidence that the employer's reasons were merely a pretext for retaliation and that the employer intended

7

to retaliate for exercising rights under the FMLA. See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502 (1993).

In this case, the Sixth Circuit remanded because plaintiff produced evidence that he suffered from a serious health condition from which he never recovered. The court further concluded that plaintiff's telephone call to Mendoza on February 12, 2000, if it occurred as plaintiff claims, was adequate notice of his intention to take FMLA leave to seek treatment for his condition. The Sixth Circuit went on to say that while defendants' claim that plaintiff was "fired for reasons other than FMLA leave has some support in the record, a genuine issue of material fact nonetheless remains with respect to whether these reasons are mere pretext under the circumstances of this case." See Document 80, November 2, 2004.

Despite this pronouncement from the Sixth Circuit, defendants now move, with no additional factual support, for summary judgment, claiming that a more recent Sixth Circuit opinion instructs that a pretext analysis is not warranted when it is undisputed that the discharge had a basis in fact. See Hoffman v. Professional Med Team, 394 F.3d 414 (6th Cir. 2005). Defendants point to the "F" ratings and cashing the non-employee check as undisputed facts justifying the discharge.

Defendants' characterization of Hoffman is misleading. In Hoffman, the trial court determined after a two-day bench trial

8

that the sincere reason for the employee's discharge was her inappropriate conduct toward her supervisor, not retaliation for seeking FMLA leave.  The court noted that evidence of discriminatory conduct and non-discriminatory conduct is subject to conflicting interpretations, but "as finder of fact, the district court was uniquely positioned to sort out those conflicting interpretations" and determine the true reason for the discharge.  See id. at 421.  Therefore, the appellate court accepted the trial court's factual determination that the sincere reason for the discharge was justified and not just a mere pretext for discrimination.  Id. at 420.

Here, the sincere reason for Mize's discharge has yet to be determined by the fact-finder.  In remanding this case, the Sixth Circuit clearly found that summary judgment was inappropriate because "genuine issues of material fact ... remain[ed] with respect to whether these reasons are mere pretext under the circumstances of this case."  See Document 80, November 2, 2004.  Because genuine issues of material fact remain, summary judgment must be denied.

### B. Individual Liability Under the FMLA.

Defendant Mendoza also moves for summary judgment arguing that any FMLA retaliation claim against him must be dismissed because there is no individual liability under the FMLA.  To support this claim, Mendoza relies on a 1995 district court

9

decision which held that individual liability under the FMLA does not exist. See Frizzell v. Southwest Motor Freight Inc., 906 Fed. Supp. 441 (E.D. Tenn. 1995).  In Frizzell, the district court found that since Title VII does not provide for individual liability for employers and the definition of employer under the FMLA and Title VII are similar, it follows that there should be no individual liability under the FMLA.  Id. at 449.

While Mendoza's characterization of Frizzell is accurate, his argument neglects an entire body of case law which expressly rejects that holding.  Indeed, the majority position on this issue with respect to private-sector employers is that individuals exercising sufficient control over the decision to terminate may be held liable for violations of the FMLA.  See Bryant v. Delbar Products, Inc., 18 F. Supp 2d 799, 807 (M.D. Tenn. 1998)(while "the Sixth Circuit has not directly addressed this issue ... the majority of courts ... have held that individual liability does exist under the FMLA"); Carpenter v. Refrigeration Sales Corp., 49 F. Supp. 2d 1028, 1030 (N.D. Ohio 1999)("Defendants do not dispute that supervisors and manage[r]s can be held individually liable under the FMLA.... Indeed this is the majority view.").  See also Rupnow v. TRC, Inc., 999 F. Supp. 1047, 1048 (N.D. Ohio 1998); Stuble v. T.A. Systems, Inc., 984 F. Supp. 1075, 1084 (E.D. Mich. 1997).

These later cases reject the reasoning in Frizzell because

10

the definition of employer under the FMLA more closely tracks the definition of employer found in the Fair Labor Standards Act ("FLSA").  As one court stated, "while the definition of employer under the FMLA and Title VII are similar, the definition of employer in the FMLA and FLSA are nearly identical." See Stuble, 984 F. Supp. at 1084.

Under the FMLA, an employer is defined as "any person who acts, directly or indirectly in the interest of an employer." See 29 U.S.C. §2611(4)(A)(ii)(I).  The FLSA defines an employer as "any person acting directly or indirectly in the interest of an employer."  See 29 U.S.C. §203(d).  In contrast, under Title VII, an employer is a "person engaged in an industry affecting commerce who has fifteen or more employees ... and any agent of such person." See 42 U.S.C. §2000e(b).

The Sixth Circuit, in considering whether public-sector employees should be held individually liable under the FMLA, has endorsed the majority view with respect to private-sector employees by saying:

> This Court has interpreted the FLSA's "any person who acts, directly or indirectly, in the interest of the employer" language to impose individual liability on private-sector employers. *See United Stated Sep't of Labor v. Cole Enters., Inc.*, 62 F.3d 775 (6th Cir.1995); *Fegley v. Higgins*, 19 F.3d 1126 (6th Cir.1994).  The presence of identical language in the FMLA tends to support a similar finding.

See Mitchell v. Chapman, 343 F.3d 811, 827 (6th Cir.2003).

11

As recognized by the Sixth Circuit, the FLSA imposes individual liability on private-sector employers.  See United Stated Sep't of Labor v. Cole Enters., Inc., 62 F.3d 775, 778 (6th Cir.1995); Fegley v. Higgins, 19 F.3d 1126, 1131 (6th Cir.1994).  Moreover, the definition of employer in the FMLA and FLSA are nearly identical.  Mitchell, 343 F.3d at 827.  Therefore, this court holds that private-sector supervisors may be held individually liable for violations of the FMLA.

In this case, it is undisputed that Mendoza was the direct supervisor of Mize and that he exercised control over the decision to terminate Mize.  Hence, Mendoza's motion for summary judgment must be denied.

### IV.    Conclusion

With respect to plaintiff's FMLA retaliation claim, the motion for summary judgment by defendants is denied.  The final pre-trial conference in this matter will take place on April 7, 2006, at 9:30 A.M.   The trial will begin on May 8, 2006, at 9:00 A.M.

It is so ORDERED.

                                    s/ James L. Graham
                                    JAMES L. GRAHAM
                                    United States District Judge

DATE: November 16, 2005